IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

AROY MANDOLA,

Plaintiff,

V. CIVIL ACTION NO. 3:04-0323

JOANNE BARNHART
Commissioner of Social Security,

Defendant.

**FINDINGS AND RECOMMENDATION**

In this action, filed under the provisions of 42 U.S.C. §1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying his application for supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed his application on July 6, 2002, alleging disability as a consequence of hepatitis C and back problems. On appeal from an initial and reconsidered denial, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was forty-nine years of age and had obtained a ninth grade education. His past relevant employment experience consisted of work as a cook, kitchen helper, fast food worker and janitor . In his decision, the administrative law judge determined that plaintiff suffers from "back pain" which is severe. Concluding that plaintiff

retained the residual functional capacity for a limited range of medium level work and that his past work was not precluded by these limitations, the administrative law judge found him not disabled.

In its review of decisions of the decision of the Commissioner, this Court must uphold factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Factual determinations and resolution of conflicts in the evidence are, of course, within the province of the Commissioner, not the courts, Thomas v. Celebrezze, 331 F.2d 541, 543 94th Cir. 1964), and when "'conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ).'" Craig v. Chater, supra at 589, quoting Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987).

After reviewing the record in this case, the Court concludes that the evidence, though conflicting, provides substantial support for the findings of the administrative law judge. Plaintiff's history is significant for a back injury in May of 1992 with surgery to remove a herniated L5/S1 disc in March of 1994. Following a flare-up involving mainly left leg pain in 1995-96, fusion of some of the lumbar discs was recommended by Dr. Robert Lowe, plaintiff's treating physician. An April 7, 1998 report reflects that, in the course of preparing for the surgery, plaintiff had donated blood, and it was discovered he had the hepatitis C virus, prompting Dr. Lowe to change his recommendation on surgery. Plaintiff then reportedly went through a chronic pain program and was able to return to work. He visited Dr. Lowe on February 19, 2001, still complaining of problems with his left leg cramping and being unstable. Less cramping was observed in the leg than had been noted previously and, rather than pursuing surgery, which would not necessarily resolve his pain, Dr. Lowe felt plaintiff should finish getting his GED and attempt additional training as a cook.

Plaintiff was seen again by Dr. Lowe on June 25, 2001, and then apparently moved to northern Ohio. One year later, on June 26, 2002, he was evaluated by Dr. Philippe Berenger to whom he reported that left lower extremity pain and weakness were far greater than the pain he experienced in his back. Nonetheless, he stated he could walk eight to nine blocks before experiencing an increase in symptoms. Exam revealed an ability to heel and toe walk and an absence of tenderness in the lumbar spine. Straight leg raising was normal on the left side but did elicit left thigh pain when performed on the right. Restricted range of motion was also observed. An X-ray was interpreted as showing degenerative changes, particularly at L4. An MRI was recommended and apparently performed on July 8, 2002, but the results do not appear to be in the record. Plaintiff returned shortly after having the MRI complaining of more pain and was sent to physical therapy. He was evaluated again on August 14, 2002. At that time, his condition was considered unchanged, and he was described as having no neurological deficit. The recommendation was to continue physical therapy and a referral for a pain management consultation.

Dr. Lowe, who saw plaintiff again on November 12, 2002, after he had moved back into the area, reported that the MRI was interpreted as showing a "scar with a recurrent disc." While plaintiff reported to him that Dr. Berenger suggested surgery for fusion similar to what Dr. Lowe had previously recommended, this is not apparent from Dr. Berenger's reports. Plaintiff complained of continued cramping and giving way in the left leg and told Dr. Lowe he felt he could no longer work. Exam revealed pain with straight leg raising on the left and some cramping. While Dr. Lowe commented that fusion "may not be a bad idea," he wanted to see Dr. Berenger's thoughts on this issue. He also noted that "[t]o some extent [plaintiff's] goal is to get his disability."

Plaintiff was not seen between December 10, 2002 and October 31, 2003, when he came to Dr. Lowe reporting he had fallen after his leg gave out causing him to hit and rupture his spleen, which had to be removed. Exam findings were within normal limits, with reflexes intact and straight leg raising normal bilaterally.

None of the examining or treating physicians commented on plaintiff's ability to work. The state agency medical advisors assessed him as capable of medium level work, with one finding he could only occasionally climb ladders or scaffolds.

The administrative law judge, after considering the evidence, concluded that the more limiting of the state agency medical advisor opinions was supported by the evidence. He also found that, while plaintiff's hepatitis C was a medically determinable impairment, the evidence did not demonstrate any limitations resulting from it which would further limit his residual functional capacity. His findings on both of these issues are well supported by the evidence in the record.

In terms of plaintiff's mental functioning, the only report during the relevant period is from a counselor who evaluated him on September 4, 2002, at which time he reported being very nervous, bored, depressed and anxious. He was also drinking excessively. Ms. Petrella, the counselor, observed him to be angry and depressed but with an appropriate mood/affect and "fair" memory and concentration. The diagnosis was adjustment disorder with mixed anxiety and depression, moderate in severity, alcohol abuse and personality disorder not otherwise specified. She rated plaintiff's global assessment of functioning at sixty, on the borderline between moderate and mild symptoms. Noting that plaintiff had received no treatment for a mental condition, either from a mental health professional or a treating physician, and that a state agency psychologist reviewing the evidence had concluded that a "severe" mental impairment was not established, the

administrative law judge also found that plaintiff's ability to work was not significantly limited by a mental impairment. This finding is supported by the evidence.

While plaintiff alleged significant limitations on his activities due to back and leg pain and weakness, the administrative law judge, taking account of the evidence as well as his observations of plaintiff at the hearing, concluded that his testimony was not entitled to complete credibility. In making this finding, he noted that plaintiff reported a number of daily activities including helping his brother, with whom he lives, clean, cook and shop. The administrative law judge also noted that plaintiff seemed rather focused on obtaining disability benefits and his allegations about the severity of his pain were simply not supported by the evidence. The record shows a gradual decrease in plaintiff's symptoms with fewer abnormal clinical findings and less treatment during the period considered here. In view of the evidence, and taking account of the administrative law judge's "opportunity to observe the demeanor and to determine the credibility of the claimant," these findings are entitled to "great weight." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984).

A vocational expert was present at the hearing and testified that plaintiff's past jobs could be grouped into four areas: short-order cook, which is light exertion, low level semi-skilled; kitchen worker, which is medium exertion, unskilled; fast food worker, which is light to medium exertion, unskilled; and, janitor, which is medium exertion and unskilled. The administrative law judge concluded that none of these positions would be precluded by plaintiff's impairments. Though it is not clear whether it would be advisable for plaintiff to perform food service work with hepatitis,[1] he would still be able to perform his janitorial work.

---

[1] It is noted, however, that Dr. Lowe did recommend him for such positions.

Finding that the evidence in the present record, though conflicting, provides substantial support for the Commissioner's findings with respect to plaintiff's impairments, residual functional capacity and ability to perform past work, the Court concludes that the decision of the Commissioner should be affirmed.

## RECOMMENDATION

In light of the foregoing, it is **RESPECTFULLY RECOMMENDED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted and the decision of the Commissioner affirmed.

Plaintiff and defendant are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 72(b), Fed.R.Civ.P., the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to all counsel of record.

DATED: May 4, 2005

MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE