### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

AROY MANDOLA,

          Plaintiff,

v.                                     CIVIL  ACTION  NO.  3:04-0323

JOANNE BARNHART,
Commissioner of Social Security,

          Defendant.

### MEMORANDUM OPINION AND ORDER

This action was referred to the Honorable Maurice G. Taylor, Jr., United States magistrate judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  The magistrate judge has submitted findings of fact and recommended that the plaintiff's motion for judgment on the pleadings be denied, that the like motion of the defendant be granted, and the decision of the Commissioner be affirmed.  The plaintiff now objects to the Findings and Recommendation.

The Court reviewed *de novo* those portions of the Findings and Recommendation to which the plaintiff objected.  For the reasons set forth below, the Court **DENIES** the plaintiff's objections and **ACCEPTS** and **INCORPORATES** the Findings and Recommendation of the magistrate judge, which **DENIES** the plaintiff's motion for judgment on the pleadings, **GRANTS** the like motion of the defendant and **AFFIRMS** the decision of the Commissioner.

**Background**

The plaintiff filed an application for Supplemental Security Income based on disability on July 6, 2002.  He claimed that he was disabled as a result of hepatitis C and back pain.  An administrative law judge conducted a hearing on an appeal from an initial and reconsidered denial of benefits.  The ALJ found that the plaintiff could perform a limited range of medium work, including his past relevant work, which ranged from light to medium exertion.  Accordingly, the ALJ determined that the plaintiff was not disabled.  The ALJ's conclusion became the final decision of the Commissioner when the Appeals Council declined to review it.  The plaintiff then filed this action on April 2, 2004, seeking review of the Commissioner's decision and requesting reversal or remand.  The plaintiff and the defendant filed cross motions for summary judgment, and Magistrate Judge Taylor entered his proposed findings and recommendation on May 4, 2005, concluding that substantial evidence supported the Commissioner's decision.  The plaintiff filed objections to the proposed findings and recommendation on May 12, 2005.

**Standard of Review**

This Court must "make a *de novo* determination of those portions of the . . . [magistrate judge's] proposed findings or recommendations to which objection is made."   28 U.S.C. § 636(b)(1)(C).  The scope of this Court's review of the Commissioner's decision, however, is narrow: this Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)*; see also* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive").  Substantial evidence is "more than a mere scintilla" of evidence, but only such evidence "as a reasonable mind might accept as adequate to support a conclusion." *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Craig*, 76 F.3d at 589;  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966) ("If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.' " (citation omitted)).

In conducting this review, this Court must also address whether the ALJ analyzed all of the relevant evidence and sufficiently explained his or her rationale in crediting or discrediting certain evidence.  *See Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 528 (4th Cir. 1998);  *see, e.g.*, *Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir. 1987) (remanding claim for disability benefits because ALJ did not adequately explain why he credited one doctor's views over those of another);  *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984) (ALJ must "explicitly indicate[ ] the weight given to all of the relevant evidence"); *see also* 20 C.F.R. § 404.1527(b)-(d).  Thus, while an ALJ is entitled to give less weight to an opinion or any portion of the evidence that is not supported by or is inconsistent with the other evidence in the record, such a finding must appear explicitly in the decision.  *See* 20 C.F.R. §§ 404.1527(d)(3), (4) and 416.927(d)(3), (4) (1999).  It is the duty of the ALJ, however, not the courts, to make findings of fact and credibility determinations and to resolve conflicts in the evidence.  *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  If, in the face of conflicting evidence, reasonable minds could differ as to whether a claimant is disabled, it is the Commissioner or his designate, the ALJ, who decides.  *Craig*, 76 F.3d at 589 (citing *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)).  "The issue before [this Court], therefore, is not whether [Plaintiff] is disabled, but whether the ALJ's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law."  *Craig*, 76 F.3d at 589 (citing *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987)).

**Analysis**

The plaintiff filed three objections to the magistrate judge's findings and recommendation.  First, he contends that the magistrate judge should have concluded that the ALJ failed to properly consider the evidence.  Second, the plaintiff contends that the magistrate judge should have found that the ALJ failed to properly consider his impairments in combination.  Finally, the plaintiff argues that the magistrate judge should have found that the ALJ improperly dismissed his complaints of pain and failed to properly consider his credibility.  The Court will address each of these objections in turn.

The plaintiff contends that the ALJ committed reversible error in failing to properly consider the evidence.  This objection is based on the plaintiff's perception of a conflict between the findings of the ALJ and the magistrate judge.  The ALJ indicated that the plaintiff could return to his past work, including food service work, despite his diagnosis of Hepatitis C.  The magistrate judge questioned the wisdom of a person with hepatitis working in the food industry. The plaintiff's objections, noting that the plaintiff should be excluded from food service jobs "just as a matter of common sense," identify these varying observations as evidence that the ALJ did not accurately address the evidence.  First, the Court notes, as did the magistrate judge, that the plaintiff's treating physician recommended that he could pursue food service work.  But, even assuming he were precluded from such positions, that would not change the ALJ's conclusion that the plaintiff could return to work in positions with the same level of exertion as his past experience, whether in food service or some other industry. Although the ALJ did discount the plaintiff's credibility regarding his reports of pain, the other evidence in this case, including the reports of the treating physician, the residual functional capacity assessments and the plaintiff's own reports of his daily activities, provide the substantial evidence necessary to uphold the Commissioner's decision. The Court therefore finds no basis to reverse the ALJ's decision on this ground.

In the plaintiff's next objection, he contends that the magistrate judge should have concluded that the ALJ erred in failing to consider the disabling effect of his impairments in combination.  The record

shows that the ALJ considered the plaintiff's back and leg pain, his diagnosis of Hepatitis C and his mental functioning.  The back and leg pain present the most severe impairment, and the ALJ concluded that the Hepatitis C and the plaintiff's diagnosis of adjustment disorder, neither of which were considered severe, did not add significant limitations to his ability to work.  This conclusion is supported by the evidence in the record, including the opinions of the state medical advisors.  The fact that the ALJ found that these additional impairments did not significantly alter the range of work available to the plaintiff does not mean that he did not consider the combined effect of all of the plaintiff's impairments.  The ALJ's decision reflects his consideration of all the plaintiff's impairments and how, based on the medical reports in the record, those impairments affected his capacity to work.  Accordingly, the Court concludes that this decision is supported by substantial evidence and denies the objection.

Finally, the plaintiff contends that the ALJ improperly assessed his pain and credibility.  The record shows, however, that the ALJ considered the evidence and properly made the determination of a fact-finder as to the plaintiff's credibility.  The ALJ noted the conflicting evidence between the plaintiff's subjective complaints of pain and his daily activities and the objective medical reports.  Two doctors who reviewed the plaintiff's residual functional capacity in July and December 2002 also noted conflicts between the plaintiff's complaints and the objective evidence.  The ALJ found the plaintiff's testimony to be less than fully credible, and such credibility findings should be afforded "great weight" given the ALJ's "opportunity to observe the demeanor and to determine the credibility of the claimant." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984).  Although this case presents conflicting evidence, the resolution of those conflicts is within the province of the Commissioner, not the courts. *Thomas v. Celebrezze*, 331 F.2d 541 (4th Cir. 1964).  Therefore, the Court must also deny this objection.

**Conclusion**

Based on a review of the record and the ALJ's decision, the Court finds it is supported by substantial evidence. Therefore, the Court **DENIES** the plaintiff's objections and **ACCEPTS** and **INCORPORATES** the Findings and Recommendation of the magistrate judge, which **DENIES** the plaintiff's motion for judgment on the pleadings, **GRANTS** the like motion of the defendant and **AFFIRMS** the decision of the Commissioner.

The Court **DIRECTS** the Clerk to send a copy of this written order to Magistrate Judge Taylor, counsel of record and any unrepresented parties.

ENTER:        August 24, 2005

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE